J-S38035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SEAN M. VOUGHT, :
:
Appellant : No. 2193 MDA 2014

Appeal from the Judgment of Sentence entered on November 19, 2014
in the Court of Common Pleas of Lackawanna County,
Criminal Division, No(s): CP-35-CR-0000213-2014;
CP-35-CR-0000926-2014

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 20, 2015**

Sean M. Vought ("Vought") appeals from the judgment of sentence imposed following his guilty plea to one count each of retail theft, unlawful taking-movable property, and burglary. **See** 18 Pa.C.S.A. §§ 3929(a)(1), 3921(a), 3502(a)(2). Donna M. DeVita, Esquire ("DeVita"), Vought's counsel, has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967). We grant DeVita's Petition to Withdraw, and affirm the judgment of sentence.

On January 23, 2014, Vought was arrested and charged with retail theft after stealing a pair of $170 Timberland boots. While in jail for the retail theft charge, Vought was implicated in several home burglaries that occurred between December 2013 and January 2014. On August 21, 2014,

Vought pled guilty to the above-mentioned crimes. In exchange for the plea, numerous charges pending against Vought were *nolle prossed*.[1]

On November 19, 2014, the trial court imposed a prison sentence of one to two years on the retail theft conviction, a consecutive prison term of three to ten years on the burglary conviction, and one to three years on the theft by unlawful taking conviction, concurrent to the other sentences. On November 21, 2014, Vought filed a Motion for Reconsideration of Sentence, which the trial court denied.

Vought filed a timely Notice of Appeal and a timely court-ordered Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

Vought's counsel, DeVita, has filed a brief pursuant to **Anders** that raises the following issues on appeal:

1) Whether the lower court erred when it imposed a sentence in the aggravated range for the burglary charge where the totality of the circumstances was neither so unique nor egregious to warrant the imposition of an aggravated sentence?

2) Whether the lower court erred when it imposed an aggravated sentence[,] citing [Vought's] prior criminal record as a reason for the sentence imposed[,] when his prior record had already been taken into consideration in his prior record score?

3) Whether the lower court imposed an unreasonable aggregate sentence of 4 to 12 years?

---

[1] At the guilty plea colloquy, Vought confirmed that he understood that the maximum sentence he faced was 34 years in prison. N.T., 8/21/14, at 5.

*Anders* Brief at 4 (unnumbered).  DeVita also filed a Petition to Withdraw as counsel with this Court on March 24, 2015.  Vought filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Vought's issues on appeal, we must determine whether DeVita has complied with the dictates of *Anders* and its progeny in petitioning to withdraw from representation.  *See Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012).  Pursuant to *Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.  The determination of whether the appeal is frivolous remains with the appellate court.

*Id*.  Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

> on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Here, we conclude that DeVita has substantially complied with each of the requirements of **Anders**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). Devita indicates that she has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, DeVita's **Anders** brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, the record contains a copy of the letter that DeVita sent to Vought, advising him of his right to proceed *pro se* or retain alternate counsel, file additional claims, and DeVita's intention to seek permission to withdraw. Thus, DeVita has complied with the procedural requirements for withdrawing from representation. We next examine the record and make an independent determination of whether Vought's appeal is, in fact, wholly frivolous.

Vought challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issues,

> [this Court conducts] a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

- 4 -

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either; (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Moury*, at 170 (quotation marks and some citations omitted).

Here, Vought filed a timely Notice of Appeal, raised his sentencing claims in a Motion for Reconsideration of Sentence, and included a Rule 2119(f) Statement in his brief. Vought's claim that the trial court improperly "double counted" his prior criminal history when considering his sentence because his past criminal convictions were already taken into account when his prior record score was calculated raises a substantial question. *Anders* Brief at 8 (unnumbered); *see also Commonwealth v. Goggins*, 748 A.2d 721, 731 (Pa. Super. 2000) (stating that double counting the defendant's prior record raises a substantial question). Further, Vought's claim that the trial court failed to provide adequate reasons for the aggravated-range sentence raises a substantial question. *Anders* Brief at 9 (unnumbered); *see also Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (stating that an allegation that the court failed to state adequate

reasons on the record for imposing an aggravated-range sentence raises a substantial question). Thus, we will review Vought's sentencing claims.[2]

Our standard of review is as follows:

Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

**Commonwealth v. Downing**, 990 A.2d 788, 792-93 (Pa. Super. 2010) (citation omitted).

Vought asserts that the trial court imposed an unjustified aggravated sentence since there were no aggravated circumstances surrounding the commission of the crimes. **Anders** Brief at 10-11 (unnumbered). He argues that the sentence was unreasonable because the totality of the circumstances surrounding the burglaries were not unique or egregious. **Id**. at 10 (unnumbered). Vought also claims that the trial court relied on improper factors and failed to explain its reasons for the sentence. **Id**. at 11-14 (unnumbered). He asserts that the trial court is not permitted to consider his criminal record as a matter separate from his prior record score and that the court relied almost exclusively upon his prior criminal history. **Id**. at 11-12, 14 (unnumbered). Vought further contends that the trial court

---

[2] We note that Vought raises other assertions in his Rule 2119(f) statement. In light of the **Anders** brief, we will address all of Vought's sentencing claims. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa. Super. 2009) (stating that where counsel files an **Anders** brief, this court will review discretionary aspects of sentencing claims that were otherwise not properly preserved).

unreasonably imposed consecutive sentences, and did not consider all of the factors in 42 Pa.C.S.A. § 9721(b). *Anders* Brief at 15-16 (unnumbered).

Here, in imposing the aggravated sentence, the trial court considered the need to protect the community, the impact that the burglaries had on his victims and the community, and his extensive prior record. N.T., 1/2/15, at 8-13. The court addressed the factors of protecting the community and the impact that the burglaries had on the victims, not only financially, but also psychologically. *Id.* The trial court read from two victim impact statements and the victims described the substantial negative effects that Vought's burglaries had upon them. *Id*. One of the victims testified that they sold their home because they could not overcome the trauma the burglary caused. *Id*. at 9. The trial court noted that Vought had a large sentencing file because of his extensive criminal history. *Id*. at 12. Additionally, while recognizing that Vought has a drug addiction problem, the trial court allowed him to be paroled to a sober living house in 2008, but he stopped reporting and relapsed. *Id*. at 8. The trial court considered Vought's rehabilitative needs, but reasoned that the deterrent and punitive portion of the sentence was more important. *Id*. at 12. The trial court stated that it hoped that the sentence imposed would allow Vought to rehabilitate and take responsibility for his actions. *Id*.

While the trial court emphasized Vought's prior conviction history, it relied upon numerous factors in imposing the sentences. *See*

***Commonwealth v. Mills***, 496 A.2d 752, 753-54 (Pa. Super. 1985) (stating that courts are allowed to consider prior conviction history along with previous unsuccessful attempts to rehabilitate among other factors). Further, the trial court was free to impose consecutive sentences. ***See Commonwealth v. Perry***, 883 A.2d 599, 603 (Pa. Super. 2005). Thus, the sentences are not unreasonable and the court did not abuse its discretion.

Further, our independent review discloses no other non-frivolous issues that Vought could raise on appeal. Accordingly, we grant DeVita's Petition to Withdraw and affirm Vought's judgment of sentence.

Petition to Withdraw granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015